# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| **ABDOU KARIM SALL,** | ) | |
| DHS File No. A 205-309-226 | ) | **Case No:** |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | |
| | ) | |
| **REBECCA J. ADDUCCI,** Field Office Director | ) | |
| Enforcement and Removal Operations | ) | |
| Detroit Field Office | ) | |
| U.S. Immigration and Customs Enforcement | ) | |
| U.S. Department of Homeland Security, in her | ) | |
| Official Capacity and her successors and assigns, | ) | |
| | ) | |
| **PAUL STANAWAY,** Lieutenant | ) | |
| Chippewa County Jail, in his | ) | |
| Official Capacity and his successors and assigns, | ) | |
| | ) | |
| **THOMAS D. HOMAN,** Deputy Director | ) | |
| U.S. Immigration and Customs Enforcement | ) | |
| U.S. Department of Homeland Security, in his | ) | |
| Official Capacity and his successors and assigns, | ) | |
| | ) | |
| **KIRSTJEN M. NIELSEN,** Secretary | ) | |
| U.S. Department of Homeland Security, in her | ) | |
| Official Capacity and her successors and assigns, | ) | |
| | ) | |
| **JEFFERSON B. SESSIONS III,** Attorney General | ) | |
| U.S. Department of Justice, in his | ) | |
| Official Capacity and his successors and assigns, | ) | |
| | ) | |
| **Respondents.** | ) | |

_____ )


## PETITION FOR A WRIT OF HABEAS CORPUS

## INTRODUCTION

1. Petitioner, **ABDOU KARIM SALL**, by and through undersigned counsel, respectfully petitions this Court for a writ of habeas corpus to review the lawfulness of his detention by Respondents.

2. On July 10, 2017, in Immigration Court, Detroit, Michigan, the Immigration Judge denied Mr. Sall's request for an individualized bond hearing, concluding that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). **Exhibit A.**

3. On November 20, 2017, in Immigration Court, Detroit, Michigan, the Immigration Judge ordered Mr. Sall to be removed to Senegal, but also granted Mr. Sall withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). **Exhibit B.** Mr. Sall waived his right to appeal the Immigration Judge's decision. The Department of Homeland Security ("DHS") appealed the Immigration Judge's grant of withholding of removal to the Board of Immigration Appeals ("BIA"). The appeal is currently pending before the BIA.

4. Mr. Sall contends that he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c), and he asserts that his detention without an individualized bond hearing violates his due process rights under the Fifth Amendment of the Constitution of the United States.

## CUSTODY

5. Since approximately June 28, 2017, Mr. Sall has been in the custody of U.S.

   Immigration and Customs Enforcement ("ICE") and other named Respondents.

   **Exhibit C.**  As of the time of filing this petition, Respondents have held Mr.

   Sall in custody for nearly nine months.

## JURISDICTION

6. This action arises under the Constitution of the United States, the Immigration

   and Nationality Act ("INA"), 8 U.S.C. §§1101 *et seq.*, and the Administrative

   Procedure Act ("APA"), 5 U.S.C. §§701 *et seq.*  This Court has habeas corpus

   jurisdiction pursuant to 28 U.S.C. §§2241 *et seq.*; Art. I, §9, Cl. 2 of the United

   States Constitution (the "Suspension Clause"), and 28 U.S.C. §1331, as Mr. Sall

   is presently in custody under the color of the authority of the United States, and

   such custody is in violation of the Constitution, laws, or treaties of the United

   States.  See *Zadvydas v. Davis*, 533 U.S. 678 (2001).  This Court may grant

   relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*, 5

   U.S.C. § 702, and the All Writs Act, 28 U.S.C. §1651.

7. Use of the Writ of Habeas Corpus to challenge detention by ICE is available

   after the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11,

   2005) ("REAL ID Act"). Section 106(c) of Title I of the REAL ID Act,

   amending INA §242(a)(2)(A), (B), and (C), and §242(g), although limiting

habeas jurisdiction, applies only to those challenges to a "final administrative order of removal." *Nnadika v. Att'y Gen. of the United States*, 484 F.3d 626, 632 (3d Cir. 2007) (holding that the proper venue for a habeas petition challenging detention remains with the district court); see also *INS v. St. Cyr*, 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention."); *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007) ("[W]e have held that district courts retain jurisdiction over challenges to the legality of detention in the immigration context."); *Bonhometre v. Gonzales*, 414 F. 442, 446 n.4 (3d Cir. 2005) ("An alien challenging the legality of his detention still may petition for habeas corpus [post-REAL ID].").

## VENUE

8. Venue is properly with this Court pursuant to 18 U.S.C. §1391(e), because Respondents are employees or officers of the United States or under contract with the United States, acting in their official capacity, and an agency of the United States, and Mr. Sall is under their control; because a substantial part of the events or omissions giving rise to the claim occurred in this District; and because the government's decision to hold Mr. Sall in custody and his administrative proceedings occurred in this District.

## PARTIES

9.  Petitioner, Mr. Sall, is a native and citizen of Senegal who has been physically present in the United States since approximately April 3, 2002.  Mr. Sall is currently being detained in ICE custody at the Chippewa County Jail, 325 Court Street, Sault Ste. Marie, Michigan 49783.

10. Respondent Rebecca J. Adducci is the Field Office Director of ICE Enforcement and Removal Operations, Detroit Field Office, 333 Mount Elliott Street, Detroit, Michigan 48207.  ICE is the component of the Department of Homeland Security ("DHS") responsible for detaining and removing aliens according to U.S. immigration law.  In her official capacity, Director Adducci is the legal custodian of Mr. Sall.

11. Respondent Lieutenant Paul Stanaway is the person in charge of Chippewa County Jail, 325 Court Street, Sault Ste. Marie, Michigan 49783, where Mr. Sall is detained at the behest of ICE.  In his official capacity, Lieutenant Stanaway is the legal custodian of Mr. Sall.

12. Respondent Thomas D. Homan is the Deputy Director of ICE, 500 12th St. SW, Washington, D.C. 20536.  In his official capacity as the head of ICE, Deputy Director Homan is the legal custodian of Mr. Sall.

13. Respondent Kirstjen M. Nielsen is the Secretary of Homeland Security, Washington, D.C. 20528.  She is responsible for the administration of ICE and

the enforcement of the INA.  In her official capacity, Secretary Nielsen is the legal custodian of Mr. Sall.

14. Respondent Jefferson B. Sessions III is the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.  He is responsible for administration of the Executive Office for Immigration Review ("EOIR"), which includes the U.S. Immigration Courts and the Board of Immigration Appeals ("BIA").  In his official capacity as the Attorney General, with administrative authority over EOIR, Attorney General Sessions is the legal custodian of Mr. Sall.

## STATEMENT OF FACTS

15. Mr. Sall is a native and citizen of Senegal who was born in 1983.  Mr. Sall entered the United States on or about April 3, 2002, with a valid visa, as the family member of a foreign government employee.  Mr. Sall is married to Kalissa Maxwell-Sall, a U.S. citizen, and Mr. Sall and Ms. Maxwell-Sall are the parents of Elhadji Sall, born in New York, New York on June 14, 2013, and Adalisa Gloriana Sall, born in White Lake, Michigan on October 29, 2017.

**Exhibit D.**

16. Mr. Sall has been convicted of the following crimes:

   a.  Petit larceny, Hempstead, New York, on November 22, 2006;

 b. Trademark counterfeiting in the third degree, New York, New York, on September 2, 2010;

 c. Theft of services, New York, New York, on February 25, 2011;

 d. Theft of services, New York, New York, on January 14, 2012;

 e. Theft of services, New York, New York, on December 11, 2012;

 f. Disorderly person, Clarkston, Michigan, on June 27, 2017.

17. On or around June 28, 2017, DHS took Mr. Sall into custody.  **Exhibit C.**  On June 28, 2017, DHS issued a Notice to Appear to Mr. Sall, asserting that his status in the United States was unlawful as of November 9, 2004, and that he was subject to removal pursuant to 8 USC 1227(a)(1)(C)(i).  **Exhibit E.**

18. On June 29, 2017, DHS presented Mr. Sall with additional charges of deportability:  his convictions as listed above in Item 16.a. through 16.e.  DHS asserted that Mr. Sall was removable pursuant to 8 USC 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.  **Exhibit E.**  Notably, DHS did not allege removability based on Mr. Sall's June 27, 2017 conviction for disorderly person, because that conviction does not render Mr. Sall deportable.  Thus, Mr. Sall's conviction on June 27, 2017, for the crime of disorderly person did not trigger any ground of deportability, and did not trigger any justification for his detention pursuant to 8 USC § 1226(c).

19. On July 10, 2017, in Immigration Court, Detroit, Michigan, the Immigration Judge denied Mr. Sall's request for an individualized bond hearing, concluding that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), because of his convictions for two or more crimes involving moral turpitude. **Exhibit A.**

20. More than 4 years and 6 months elapsed between Mr. Sall's most recent conviction for a crime involving moral turpitude and his arrest and detention by DHS. **Exhibit E.**

21. In Immigration Court, Mr. Sall applied for relief in the forms of asylum pursuant to 8 USC § 1158, and withholding of removal pursuant to 8 U.S.C. 1231(b)(3).

22. After the conclusion of a full merits hearing, on November 20, 2017, in Immigration Court, Detroit, Michigan, the Court denied Mr. Sall's application for asylum, and ordered Mr. Sall to be removed to Senegal, but granted Mr. Sall's application withholding of removal pursuant to 8 U.S.C. 1231(b)(3). **Exhibit B.** The Immigration Judge's grant of withholding of removal forbids DHS from removing Mr. Sall to Senegal. Mr. Sall, through undersigned counsel, waived his right to appeal on all issues. DHS timely filed an appeal to the BIA of the Immigration Court's grant of withholding of removal. The appeal is currently pending before the BIA.

23. Because the Immigration Court ordered Mr. Sall's removal, and because neither Mr. Sall nor DHS appealed the Immigration Court's order of removal, arguably the Immigration Court's November 20, 2017 removal order is final.  DHS appealed only the Immigration Court's grant of withholding of removal pursuant to 8 U.S.C. 1231(b)(3).  As a result, more than 120 days have elapsed since Mr. Sall received a final order of removal.

24. Mr. Sall has strong family ties in the United States: he is married to a U.S. citizen, and he and his wife have two U.S. citizen children, a four-year-old son and a four-month-old daughter.  **Exhibit D.**

25. As of the time of filing this petition, Respondents have held Mr. Sall in custody for nearly nine months, and more than 120 days after the Immigration Court entered the order of removal.

## IRREPARABLE INJURY

26. Mr. Sall is suffering and will continue to suffer irreparable injury because of Respondents' actions. Every day that he is held in custody he suffers further injury, which is irreparable.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

27. Mr. Sall has exhausted his administrative remedies to the extent required by the law because his request for an individualized bond hearing was denied by the Immigration Court, Detroit, Michigan, on July 10, 2017.  **Exhibit A.**

The Board of Immigration Appeals ("BIA"), in *Matter of Rojas*, 23 I. & N. 117, 127 (2001), ruled that the mandatory detention provisions of 8 USC § 1226(c) do not require DHS to detain an alien immediately upon their release from the underlying offense. Therefore, the BIA would rule that Mr. Sall is subject to mandatory detention, even though DHS apprehended him more than four years after his most recent conviction for a crime involving moral turpitude, the basis on which DHS and the Immigration Court have determined that he is subject to mandatory detention. Consequently, Mr. Sall is not required to exhaust administrative remedies, because the BIA has already "predetermined the issue." *Louisaire v. Muller*, 758 F. Supp. 2d 229 (S.D.N.Y. 2010). The only remedy available to him is by way of this judicial action.

## EQUAL ACCESS TO JUSTICE ACT

28. If he prevails, Mr. Sall will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. §504 and 28 U.S.C. §2412.

## FIRST CLAIM FOR RELIEF: STATUTORY VIOLATION

29. Mr. Sall realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 as if set forth fully herein.

30. The Federal Code, at 8 USC 1226(c) provides, in pertinent part:

(1) **Custody** The Attorney General shall take into custody any alien who—

> [...]

> (B) is deportable by reason of having committed any offense

> covered in section 1227(a)(2)(A)(ii) [...]

> [...]

> **when the alien is released**, without regard to whether the

> alien is released on parole, supervised release, or probation,

> and without regard to whether the alien may be arrested or

> imprisoned again for the same offense.

Emphasis added.

31. The plain text, context, and structure of the statute make clear that the phrase "when the alien is released" applies to aliens who are being released from incarceration on the underlying offense, not from any offense, and in close temporal proximity to the release for that underlying offense.  Decisions by the U.S. District Court for the Eastern District of Michigan support this interpretation.  *See Hamama v. Adducci*, --- F.Supp.3d ----, 2018 WL 263037 (E.D. Mich. 2018); *Mudhallaa v. Bureau of Immigration and Customs Enforcement*, 2015 WL 1954436 (E.D. Mich. April 29, 2015); *Rosciszewski v. Adducci*, 983 F. Supp. 2d 910 (E.D. Mich. 2013); *Khodr v. Adduci*, 697 F. Supp. 2d 774, 778 (E.D. Mich. 2010) (noting that the phrase "when the alien is

released" clearly and unambiguously requires that the Attorney General take the alien into custody immediately upon the alien's release from criminal custody).

32. The BIA's view that § 1226(c) subjects an alien to mandatory detention regardless of when they were released from criminal confinement warrants no deference, because it is contrary to the plain language of the statute and is unreasonable. *Matter of Rojas*, 23 I. & N. Dec. 117, 122 (BIA 2001).

33. The mandatory detention provision at 8 USC § 1226(c) does not apply to Mr. Sall, because DHS waited more than four years and six months after his most recent conviction for a deportable offense before they detained him. *See Khodr v. Adduci*, 697 F. Supp. 2d 774, 780 (E.D. Mich. 2010) (holding that 8 USC § 1226(c) did not apply to a person taken into DHS custody more than four years after being released from criminal custody).

34. Notably, DHS did not allege removability based on Mr. Sall's June 27, 2017 conviction for disorderly person, because that conviction does not render Mr. Sall deportable. **Exhibit E.** Thus, Mr. Sall's conviction on June 27, 2017, for the crime of disorderly person did not trigger any ground of deportability, and did not trigger any justification for his detention pursuant to 8 USC § 1226(c).

35. To the extent that DHS might argue that Mr. Sall is subject to the detention provisions of 8 USC § 1231, rather than 8 USC § 1226(c), we respectfully assert that there is no support for Mr. Sall's continued detention under either

statute.  To the extent that Mr. Sall could be considered to be detained pursuant to 8 USC §1231, then Mr. Sall has been detained for more than 120 days after the Immigration Judge ordered his removal on November 20, 2017.  **Exhibit B.** To undersigned counsel's knowledge, DHS has not conducted any post-order custody review as contemplated in the statute at 8 USC § 1231.  To the extent that Mr. Sall is being detained under the color of 8 USC § 1231, his detention is in violation of the statute.  In light of the Immigration Judge's grant of withholding of removal pursuant to 8 USC § 1231(b)(3), which prohibits DHS from removing Mr. Sall to Senegal, Mr. Sall's removal from the United States is not likely in the reasonably foreseeable future.

### SECOND CLAIM FOR RELIEF:  SUBSTANTIVE DUE PROCESS

36. Mr. Sall realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 as if set forth fully herein.

37. DHS has detained Mr. Sall for nearly nine months.  There is no significant likelihood of Mr. Sall's removal in the reasonably foreseeable future.  As noted above, on November 20, 2017, the Immigration Judge ordered Mr. Sall's removal to Senegal, but granted Mr. Sall's application for withholding of removal pursuant to 8 USC § 1231(b)(3).  **Exhibit B.**  The Immigration Judge's grant of withholding of removal prohibits DHS from removing Mr. Sall to Senegal.

38. All persons residing in the United States are protected by the Due Process Clause of the Fifth Amendment. *See Zadvydas*, 533 U.S. at 693-94; *Plyler v. Doe*, 457 U.S. 202, 210 (1987); *Mathews v. Diaz*, 426 U.S. 67 (1976).

39. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be … deprived of life, liberty or property, without due process of law." U.S. Const. amend. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process clause from arbitrary government action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *Youngberg v. Romeo*, 457 U.S. 307 (1982). This vital liberty interest is at stake when an individual is subject to detention by ICE. *See Zadvydas*, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Kiareldeen v. Reno*, 71 F.Supp.2d 402, 409-10 (D.N.J. 1999) (holding that, in analyzing due process in the immigration context, the first factor in the procedural due process analysis, "the petitioner's private interest in his physical liberty, must be accorded the utmost weight").

40. Mr. Sall's continued detention violates substantive due process by depriving him of his fundamental liberty interest in remaining free from detention. Government detention violates an individual's fundamental liberty interest unless the detention is "narrowly tailored to serve a compelling government interest." *Reno v. Flores,* 507 U.S. 292, 302 (1993); *Collins v. Harker Heights,*

503 U.S. 115, 125 (1992). Non-punitive detention must present a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas,* 533 U.S. at 690. This is particularly so where the detention is lengthy, as in this case, where Mr. Sall already has been detained for nearly nine months.

41. Respondents' prolonged detention of Mr. Sall violates Mr. Sall's protected liberty interest under the Fifth Amendment Due Process Clause of the Constitution. Mr. Sall's detention is further contrary to the constitutional limitation on the detention of noncitizens set forth in *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003). As noted by the Sixth Circuit in *Ly*, DHS must "act promptly in advancing its interests." The Court continued:

> [W]hen actual removal is not reasonably foreseeable, criminal aliens may not be detained beyond a reasonable period required to conclude removability proceedings without a government showing of a "strong special justification," constituting more than a threat to the community, that overbalances the alien's liberty interest.

*Id.* at 273.

15

42. Mr. Sall's detention for nearly nine months, especially after the Immigration Judge's grant of withholding of removal, is excessive, and beyond the boundaries of reasonableness as explained by the Sixth Circuit in *Ly*.

### THIRD CLAIM FOR RELIEF:  PROCEDURAL DUE PROCESS

43. Mr. Sall realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 42 as if set forth fully herein.

44. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319 (1976). Courts employ the *Eldridge* test when an alien's due process liberty interests are at stake. *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160-61 (9th Cir. 2004). The test considers three factors: (1) the affected private interest, (2) the risk of erroneous deprivation of that interest, and (3) the government's interest.

45. Mr. Sall's private interest affected by Respondents' actions is profound – his physical liberty. The risk of erroneous deprivation of Mr. Sall's liberty is high, because he is neither a flight risk nor a danger. For these reasons, the Immigration Judge would likely release Mr. Sall on bond. *See Matter of Patel*, 15 I. & N. Dec. 666, 666 (BIA 1976) ("An alien generally is and should not be detained or required to post bond except on a finding that he is a threat to the

16

national security, or that he is a poor bail risk."). Therefore, the government's

interest in his continued detention is minimal.

46. As the *Eldridge* test demonstrates, the deprivation of Mr. Sall's liberty interest

far outweighs the government's interest in his continued detention during

removal proceedings, particularly when the additional safeguard of a bond

hearing would provide adequate protection against unjust incarceration.

## PRAYER FOR RELIEF

Mr. Sall prays that this Honorable Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order to show cause directed to Respondents, in accordance with

the time restrictions dictated by statute at 28 U.S.C. § 2243;

c. Issue a Writ of Habeas Corpus directing Respondents to release Mr. Sall

immediately, subject to reasonable terms of supervision;

d. **<u>Refrain</u>** from issuing a stay of removal in this matter;

e. Declare Respondents' ongoing detention of Mr. Sall unconstitutional and

contrary to law;

f. Direct Respondents to release Mr. Sall from custody immediately;

g. Alternatively, direct Respondents to order the Immigration Court,

Detroit, Michigan to conduct an individualized bond hearing pursuant to

8 USC § 1226(a);

h. Grant attorney's fees and costs of court to Mr. Sall under the Equal
Access to Justice Act ("EAJA"); and

i. Grant such other and further relief as this Honorable Court deems just
and proper.

I declare, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted, March 21, 2018.

/s/ Michael Carlin
Michael Carlin
Law Office of Michael Carlin PLLC
P.O. Box 3751
Ann Arbor, MI  48106
Telephone: (734) 369-3131
Facsimile: (734) 259-4801
Email:  mike@mcarlinlaw.com
Michigan Bar Number P72567
Attorney for Mr. Sall

## LIST OF EXHIBITS

Custody Order of the Immigration Judge ................................................................A

Immigration Court Decision and Order ..............................................................B

Department of Homeland Security, Notice of Custody Determination ..................C

Marriage Certificate of Mr. Sall and Ms. Maxwell-Sall
Birth Certificate of Ms. Maxwell-Sall
Birth Certificate of Their Son, Elhadji Sall
Birth Documents regarding Their Daughter, Adalisa Gloriana Sall .......................D

U.S. Department of Homeland Security, Notice to Appear ....................................E

# Exhibit A

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
477 MICHIGAN AVENUE, SUITE 440
DETROIT, MI  48226

In the Matter of:                    Case No.: A205-309-226
SALL, ABDOU KARIM
                                     Docket: DETROIT DETAINEES

RESPONDENT                           IN REMOVAL PROCEEDINGS

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent
pursuant to 8 C.F.R. Part 236 and having considered the representations of the
Department of Homeland Security and the respondent, it is HEREBY ORDERED
that:

\_\_\_\_\_    Respondent has withdrawn his/her request for a custody redetermination without prejudice.

\_\_X\_\_    ORDERED that the request for a change in custody status be denied as the Court has no
         jurisdiction:
                    \_\_\_\_\_  Arriving Alien.
                    \_\_X\_\_  Mandatory Detention under 236(c).
                    \_\_\_\_\_  Alien not in 240 removal proceedings
                    \_\_\_\_\_  Subject to a Final Order

\_\_\_\_\_    ORDERED that the request for a change in custody status be denied:
                    \_\_\_\_\_  Danger
                    \_\_\_\_\_  Flight Risk

\_\_\_\_\_    ORDERED that the request be granted and that respondent be released from custody under
         bond of $_____, and subject to the following conditions:
                    \_\_\_\_\_  No consumption of alcohol
                    \_\_\_\_\_  No driving without a valid driver's license
                    \_\_\_\_\_  Any conditions (including GPS monitoring) set by DHS at its discretion

\_\_\_\_\_ OTHER_____

                                     _____
                                     MARK J. JEBSON
                                     Immigration Judge
                                     Date:  Jul 10, 2017

Appeal:  NO APPEAL  (A/I/B)                    R
Appeal Due By:
                                               8/9/17

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)   PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] DHS
DATE: 7/10/17                BY: COURT STAFF  SMM
         Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
Form EOIR 1 - 1T (Custody - REMOVAL)

# Exhibit B

IMMIGRATION COURT
477 MICHIGAN AVENUE, SUITE 440
DETROIT, MI  48226

In the Matter of

SALL, ABDOU KARIM
Respondent

Case No.: A205-309-226

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on ___**11-20-17**___ .
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[ ✓ ]  The respondent was ordered removed from the United States to
       SENEGAL or in the alternative to .
[  ]  Respondent's application for voluntary departure was denied and
       respondent was ordered removed to SENEGAL or in the
       alternative to .
[  ]  Respondent's application for voluntary departure was granted until
       upon posting a bond in the amount of $ _____
       with an alternate order of removal to SENEGAL.
Respondent's application for:
[ ✓ ]  Asylum was ( )granted  ( ✓ )denied( )withdrawn.
[ ✓ ]  Withholding of removal was ( ✓ )granted ( )denied  ( )withdrawn.
[  ]  A Waiver under Section _____ was ( )granted ( )denied  ( )withdrawn.
[  ]  Cancellation of removal under section 240A(a) was ( )granted  ( )denied
       ( )withdrawn.
Respondent's application for:
[  ]  Cancellation under section 240A(b)(1) was ( ) granted  ( ) denied
       ( ) withdrawn.  If granted, it is ordered that the respondent be issued
       all appropriate documents necessary to give effect to this order.
[  ]  Cancellation under section 240A(b) (2) was ( )granted  ( )denied
       ( )withdrawn.  If granted it is ordered that the respondent be issued
       all appropriated documents necessary to give effect to this order.
[  ]  Adjustment of Status under Section _____ was  ( )granted ( )denied
       ( )withdrawn.  If granted it is ordered that the respondent be issued
            all appropriated documents necessary to give effect to this order.
[  ]  Respondent's application of ( ) withholding of removal ( ) deferral of
       removal under Article III of the Convention Against Torture was
       ( ) granted ( ) denied ( ) withdrawn.
[  ]  Respondent's status was rescinded under section 246.
[  ]  Respondent is admitted to the United States as a _____ until _____.
[  ]  As a condition of admission, respondent is to post a $ _____ bond.
[  ]  Respondent knowingly filed a frivolous asylum application after proper
       notice.
[  ]  Respondent was advised of the limitation on discretionary relief for
       failure to appear as ordered in the Immigration Judge's oral decision.
[  ]  Proceedings were terminated.
[  ]  Other: _____.
       Date:  Nov 20, 2017

R   DHS

Appeal  Waived  Reserved    Appeal Due By:
                            12/20/2017

JENNIFER M. GORLAND
Immigration Judge

ALIEN NUMBER: 205-309-226        NAME: SALL, ABDOU KARIM

---

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M)     PERSONAL SERVICE (X)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN's ATT/REP  [X] DHS
DATE: ____11-20-17____  BY: COURT STAFF ____DC _____
      Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

Q6

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
DETROIT, MICHIGAN

File: A205-309-226                                           November 20, 2017

In the Matter of

|  |  |  |
|---|---|---|
| ABDOU KARIM SALL | ) ) | IN REMOVAL PROCEEDINGS |
| RESPONDENT | ) ) |  |

CHARGES:

APPLICATIONS:    Asylum; withholding.

ON BEHALF OF RESPONDENT: MICHAEL CARLIN

ON BEHALF OF DHS: GRETCHEN WEISS, Assistant Chief Counsel


ORAL DECISION OF THE IMMIGRATION JUDGE

          The respondent is a 34-year-old male who is a native and citizen of
Senegal. He was issued a Notice to Appear on June 28, 2017. The Notice to Appear
was amended by the filing of a Form I-261 on June 29, 2017. At a master calendar
hearing, both charges of removability were sustained. Respondent's admission to the
United States was premised on the employment of his father at the Senegal Consulate,
but that status ended in 2004. The State Department confirmed in a letter submitted as
Exhibit 7 that the respondent has no diplomatic protections or immunity. The issue
before the Court are his applications for relief from removal. These are my findings of

fact.

Fifteen exhibits were marked into evidence without objection. Exhibit 1 is the Notice to Appear. Exhibits 2 through 6 are the conviction documents. Exhibit 7 is the Department of State letter regarding respondent's status. Exhibit 8 is the Form I-213. Exhibit 9 is the trademark counterfeiting information. Exhibit 10 is the letter confirming respondent's wife's pregnancy. Exhibit 11 is the asylum application. Exhibit 12 is the Department of Homeland Security exhibit list. Exhibit 13 is a letter from the respondent to the Court. Exhibit 14 is the respondent's additional documents, tabs A through F. Exhibit 15 is the respondent's amendments to the asylum application. Two witnesses testified, the respondent and his wife, Calisa Maxwell Sall. The pProffer of two other witnesses was stipulated by the parties.

Respondent testified that he was born in Senegal on June 23, 1983. He came to the United States with his father and some siblings in 2002. At the time his father had a position working for the Senegal Consulate. His father returned to Senegal in 2004. Respondent's mother passed away in 2005. Respondent converted to Christianity in 2010 or 2011 near the time he met his future wife, Calisa. The two married in August of this year while respondent was in Immigration custody. They have two children, a son born in 2013 and a daughter born in 2017. While in the United States, respondent has primarily worked as a street vendor, making $30 to $40 per day. He has at least six criminal convictions related to his work as a street vendor and his failure to pay for public and private transportation in New York City.

Respondent testified he cannot return to Senegal because he is a convert to Christianity and because of his mental disability. With respect to his conversion, respondent testified that he was disowned by his family and threatened by them if he returns to Senegal, a predominantly Muslim country. He also fears his former

A205-309-226                    2                    November 20, 2017

classmates in Quranic studies.  Respondent does not fear the government of Senegal, but he does not believe he will be protected there, because it takes the police two to three hours to respond to a complaint.  He believes a family member in New York City once attempted to swipe respondent with his car because of his conversion to Christianity.  With respect to his mental disability, respondent was diagnosed with bipolar disorder while in Immigration custody.  He is now taking Depakote for his condition.

He came to the attention of Immigration authorities when in custody for allegedly assaulting his wife.  Before the assault respondent testified that he started hearing voices in his head.  He also testified that he was hospitalized several times in New York City between 2000 and 2015 for depression, but he was unable to get the medical records of those admissions before the individual hearing.  He testified that he was prescribed medications various times, but was unable to continue taking them because of the cost.  Between 2002 and 2013 the respondent did not see a doctor. Between 2015 and 2017 the respondent also did not see a doctor.  His grandparents who raised him in Senegal thought that the respondent had mental problems when he was a teenager.  His grandparents sent him to a healer, apparently an individual who practiced non-Western medicine.

Respondent testified that if he is required to return to Senegal, he has no family support there.  He is not sure he could get a job if not taking his medication. People in Senegal with mental problems end up on the street abandoned.  He did not apply for asylum earlier because he was unaware of the process.  He was told by someone at an Immigration office in New York City that he did not have an Immigration problem.  He was released soon after he was detained, so he assumed that the information was true.

Respondent's wife Calisa Maxwell Sall testified that she was born in Rochester, Michigan on April 2, 1985. She married Sall on August 18, 2017. They have two children born in 2013 and this year. She testified that respondent takes Depakote for control of his manic episodes. He has bipolar disorder. She recognized his symptoms because she has a sister who suffers from the same condition. She and the respondent have been living in White Lake, Michigan with her mother. This past summer she observed his mental problems for the first time as they unfolded dramatically. Respondent was erratic and aggressive. He did things that did not make sense, like wiping the car with his bare hands to clean it, wearing his socks over his shoes, and attempting to charge his phone with a lightbulb. She was concerned for her own safety. She attempted to get him admitted to the hospital, but he ultimately refused and wandered off. When she finally found him again and he returned home, he hit her on the back and on the back of the head. She wanted the police to take him to the hospital, but he was taken into custody instead.

Mrs. Sall testified that she had observed mental issues with respondent on prior occasions, such as grandiose expressions, but he had never been aggressive before. Since he started taking the medications, she believes he is much improved. If respondent is removed, she and the children would try to go to Senegal because she wants to keep their family together. She has fear for her children there, such as circumcision practiced by many in Senegal on both boys and girls. She does not believe her husband could get adequate treatment in Senegal.

On cross-examination, Mrs. Sall testified that she has known respondent for six years, and the incident last summer was the only time she needed to seek intervention. However, she also testified that she was aware that he had been hospitalized for psychiatric problems a number of times in New York City. She did not

A205-309-226                          4                     November 20, 2017

see him during any of these hospitalizations. She's aware of the problems in Senegal because of internet research she has done.

_____Respondent's counsel proffered that respondent's sister-in-law, Jyna Maxwell, would confirm that respondent is Christian and that she directly observed his erratic behavior this past summer. Respondent's counsel also proffered that respondent's friend Suhela Cassini would testify that respondent converted to Christianity. The Government did not oppose the proffers. Government Counsel further stipulated that she would not challenge that respondent is in fact a Christian.

_____Even if not specifically referenced, I considered all of the documents and the testimony that was offered into evidence.

This is a statement of the law and the Court's findings. There are two applications before the Court, for asylum and for withholding of removal. Regardless of the application, respondent must establish his case with credible testimony. I find that the respondent and his wife are credible witnesses. They testified in sufficient detail about the respondent's situation. While the respondent downplayed his criminal culpability when discussing his convictions, he nonetheless admitted his crimes and answered questions on cross-examination without evasion. Importantly, neither witness appeared to embellish the extent of respondent's psychiatric difficulties.

With respect to asylum, I first have to determine whether or not the respondent filed a timely application for asylum. The respondent has the burden of proving by clear and convincing evidence that he filed the application within one year after arriving in the United States, unless changed circumstances exist that materially affect the eligibility for asylum, or extraordinary circumstances relate to the delay in filing. I do not believe that the respondent has carried his burden. It is undisputed that the respondent did not file his application within one year of arriving in the United

States, within one year of converting to Christianity, or within one year of the first time he learned that he had psychiatric problems in need of treatment. Respondent contends that he has identified changed circumstances or extraordinary circumstances that excuse the one-year filing deadline. The Court does not agree. To the extent that the changed circumstance is his conversion or the diagnosis of a mental problem, those changed circumstances occurred as early as 2010 when he converted to Christianity, or as late as 2013 when he was first hospitalized for psychiatric problems in New York.

As the Government correctly points out, respondent should have filed an asylum application once he converted, as that was the triggering event for his belief that he could have not returned to Senegal and that he faced harm there. The Court does not believe that the respondent submitted clear and convincing evidence that he was unable to file an asylum application due to his mental disability. There are a number of reasons for this finding, including (1) his wife's testimony established that respondent went for long periods without needing medical intervention, (2) respondent was able to live and work in New York City, (3) the respondent repeatedly went through the criminal justice system without any finding that he was mentally unable to understand the charges against him or to resolve those charges, and (4) respondent was aware in 2015 that his circumstances could cause him to be taken into Immigration custody, but he was assured his situation did not pose an Immigration problem. This indicates an understanding that there could be consequences if he did not have a legal basis for staying in the United States. The Court specifically finds that the alleged statements of an Immigration Officer that respondent did not have an Immigration problem is insufficient to constitute extraordinary circumstances.

To be eligible for asylum, a respondent must show that he is unable or unwilling to return to his country because of persecution or a well-founded fear of

persecution on account of one or more of these five factors: race, religion, nationality, political opinion, or membership in a particular social group. Respondent is not eligible for asylum because he did not file a timely application. Therefore, I must turn to the remaining application before the Court, that is withholding of removal.

           To be eligible for withholding of removal, the respondent must show by a clear probability that his life or freedom would be threatened in Senegal because of one of the five protected grounds in the asylum statute. Respondent bases his application on his religious conversion and his membership in a group of persons with mental disabilities. I find that respondent is eligible for withholding on the basis of his mental disability. I do not find that he would be eligible with respect to his religious conversion. With respect to his mental disability, the Country Reports and the expert report submitted by the respondent demonstrate that respondent's life would be greatly threatened by his return to Senegal. I believe he would end up, as suggested by his counsel, without his medication or other psychiatric treatment. Such medical treatment is limited and expensive in Senegal. Without the treatment respondent would be unemployable, likely destitute, and would face persecution from a society that at best shuns the mentally disabled, and at worst actually inflicts physical harm. I do not agree with the Government's position that this situation is merely a discrepancy between "good" and "not as good" medical treatment. It is closer to a situation of life or death, or if not death, certain destitution and physical and social mistreatment. Respondent's claims with respect to his conversion to Christianity do not meet the burden for a number of reasons, including a lack of support in the Country Reports and the report of his own expert. At most he would face a localized threat from friends and family he has had no contact with for many years. There is no evidence, much less a clear probability of evidence, that the alleged threat he faces from his family and former friends could not

be avoided simply by being in a place like the capital city of Dakar.  In accordance with this decision I will issue the following orders.

ORDER

IT IS ORDERED that respondent's application for asylum is denied. Accordingly, it is ordered that the respondent be removed to Senegal.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal is granted.

*Please see the next page for electronic*

*signature*

JENNIFER M. GORLAND
Immigration Judge

//s//

Immigration Judge JENNIFER M. GORLAND

i:05.t|doj federation services rp-
sts|jennifer.m.gorland@usdoj.gov on January 22, 2018 at 1:11 PM
GMT

# Exhibit C

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: SALL, ABDOU KARIM

A-File Number: 205 309 226

Date: 06/28/2017

Event ID: DET1706000476

Subject ID: 358840169

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

[x] Detained by the Department of Homeland Security.

[ ] Released (check all that apply):

    [ ] Under bond in the amount of $ _____

    [ ] On your own recognizance.

    [ ] Under other conditions. [Additional document(s) will be provided.]

SANCHEZ, L 4672
Name and Signature of Authorized Officer

06/28/2017 08:54 AM
Date and Time of Custody Determination

SDDO
Title

ICE ERO Detroit Field Office 333 Mt. Elliott Street DETROIT, MI US 48207
Office Location/Address

---

You may request a review of this custody determination by an immigration judge.

[X] I acknowledge receipt of this notification, and

    [X] I **do** request an immigration judge review of this custody determination.

    [ ] I **do not** request an immigration judge review of this custody determination.

x _SHALL_
Signature of Alien

6/28/17
Date

17 JUN 30 AM 9:59

---

The contents of this notice were read to SALL, ABDOU KARIM in the ENGLISH language.
(Name of Alien)                                    (Name of Language)

ANKENBAUER, T 4442
Name and Signature of Officer

N/A
Name or Number of Interpreter (if applicable)

DO
Title

DHS Form I-286 (1/14)

Page 1 of 1

**Notice to Respondent**

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:**  This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing**:  At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.  At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:**  You are required to provide the DHS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this preceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address. If you do not submit  Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and  you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:**  If you become subject to a final order of removal, you must surrender for removal to one of the offices listed in 8 CFR 241.16(a).  Specific addresses on locations for surrender can be obtained from your local DHS office or over the internet at http://www.ice.gov/about/dro/contact.htm.  You must surrender within 30 days from the date the order becomes administratively final, unless you obtain an order from a Federal court, immigration court, or the Board of Immigration Appeals staying execution of the removal order.  Immigration regulations at 8 CFR 241.1 define when the removal order becomes administratively final.  If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter.  If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal.  This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period.  If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Act.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing.  I waive my right to a 10-day period prior to appearing before an immigration judge.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on  June 28, 2017_____ , in the following manner and in compliance with section 239(a)(1)(F) of the Act.

☐  in person          ☐  by certified mail, returned receipt requested          ☐  by regular mail

☐  Attached is a credible fear worksheet.

☒  Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____English_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          T 4442 ANKENBAUER      DO
*(Signature of Respondent if Personally Served)*          *(Signature and Title of officer)*

Form I-862 Page 2 (Rev. 08/01/07)

**Notice to Respondent**

**Warning:** **Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Certificate of Service**

This charging document was served on the respondent by me on June 29, 2017 in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☐  in person          ☐ by certified mail, return receipt requested          ☒   by regular mail

to: c/o DHS Custody, Monroe County Jail, 7000 East Dunbar, Monroe, MI 48161
    (Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
    (Signature of respondent if personally served)                   (Signature and title of officer)

Form I-261(Rev. 4/1/97)N

# Exhibit D

CERTIFICATION OF VITAL RECORD

# COUNTY OF OAKLAND
## STATE OF MICHIGAN

08/10/2017
DATE OF APPLICATION

AUG 2 3 2017
DATE CERTIFICATE FILED



# Marriage License
**State of Michigan**

STATE FILE NO.
2017-04348
LOCAL FILE NO.
1953088

To any person legally authorized to solemnize marriage, the marriage must be solemnized in the State of Michigan on or before _____September 09, 2017_____
DATE

**COUPLE**

ABDOU KARIM SALL          and KALISSA CHERISH MAXWELL
FULL NAME (First, Middle, Last)  ☒ MALE ☐ FEMALE    FULL NAME (First, Middle, Last)  ☐ MALE ☒ FEMALE

SURNAME ON BIRTH CERTIFICATE, IF DIFFERENT          SURNAME ON BIRTH CERTIFICATE, IF DIFFERENT

34          06/25/1983          32          04/02/1985
PRESENT AGE   DATE OF BIRTH        PRESENT AGE   DATE OF BIRTH

PEDOR SENEGAL          ROCHESTER MICHIGAN
BIRTHPLACE – CITY AND STATE        BIRTHPLACE – CITY AND STATE

1730 MEAD LANE          STREET    1730 MEAD LANE          STREET
RESIDENCE NO.                RESIDENCE NO.

WHITE LAKE     MI    48386      WHITE LAKE     MI    48386
CITY, STATE, AND ZIP CODE        CITY, STATE, AND ZIP CODE

OAKLAND          0          OAKLAND          0
RESIDENCE COUNTY  TIMES PREVIOUSLY MARRIED   RESIDENCE COUNTY  TIMES PREVIOUSLY MARRIED

**PARENTS**

SEYDOU SALL          JEFFREY WAKEFIELD MAXWELL
FULL NAME (First, Middle, Last)        FULL NAME (First, Middle, Last)

SENEGAL          MICHIGAN
SURNAME AT BIRTH   BIRTHPLACE        SURNAME AT BIRTH   BIRTHPLACE

MARIAME DIEDHIOU          KAREN JANE HUNT
FULL NAME (First, Middle, Last)        FULL NAME (First, Middle, Last)

SENEGAL          IDAHO
SURNAME AT BIRTH   BIRTHPLACE        SURNAME AT BIRTH   BIRTHPLACE

Based on the affidavit in this office, I hereby grant this marriage license on   10TH  AUGUST   17
(Month, Day, Year)

LISA BROWN          OAKLAND
COUNTY CLERK          COUNTY

DEPUTY CLERK

# Certificate of Marriage

**I hereby certify that,** in accordance with the above license, the persons herein mentioned were joined in marriage by me, in  BATTLE CREEK , County of  CALHOUN  Michigan,
CITY, VILLAGE, TOWNSHIP

on the  18TH  day of  AUGUST  A.D. 20 17 , in the presence of

SIGNATURE OF OFFICIANT          DAVID K. HEISS, MAGISTRATE
NAME AND TITLE OF OFFICIANT (TYPE OR PRINT)

161 E. MICHIGAN AVENUE, BATTLE CREEK, MICHIGAN, 49014
FULL MAILING ADDRESS OF OFFICIANT

SIGNATURE OF WITNESS          SIGNATURE OF WITNESS

JYNA ROSE MAXWELL          TANYA YVETTE WALLACE
NAME OF WITNESS (TYPE OR PRINT)        NAME OF WITNESS (TYPE OR PRINT)

SIGNATURE OF SPOUSE          SIGNATURE OF SPOUSE

Abdou Karim Sall          KALISSA Cherish MAXWELL-SALL
PRINTED NAME OF SPOUSE          PRINTED NAME OF SPOUSE

DCH-0482 (Rev. 07/2015)  By Authority of MCL 551.102

14-891887

**WARNING:**
ANY REPRODUCTION IS PROHIBITED BY LAW.
DO NOT ACCEPT UNLESS ON SECURITY PAPER WITH COLORED
BACKGROUND AND EMBOSSED SEAL OF COUNTY OF OAKLAND.
NOT VALID IF PHOTOCOPIED.

SEP 2 5 2017
DATE

I, LISA BROWN, CLERK AND REGISTER OF DEEDS OF SAID COUNTY OF OAKLAND DO HEREBY CERTIFY that the foregoing is a true and exact copy of the original document on file in my office.

LISA BROWN
Oakland County Clerk and Register of Deeds

By _____ Deputy Clerk

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**STATE OF MICHIGAN**
**CERTIFICATION OF VITAL RECORD**

# COUNTY OF OAKLAND
## STATE OF MICHIGAN



LF **5344**
№ **0002906**

STATE OF MICHIGAN **85 513275**
DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER

**DELAYED REGISTRATION OF BIRTH**

| | | |
|---|---|---|
| 1. FULL NAME AT TIME OF BIRTH **Kalissa Cherish Maxwell** | 2. DATE OF BIRTH **April 2, 1985** | |
| 3. EXACT PLACE (county and city, village or twp.) OF BIRTH **Oakland Co., Rochester** **MICHIGAN** | 4. SEX **Female** | |
| 5. MAIDEN NAME OF MOTHER **Karen Jane Hunt** | 6. MOTHER'S BIRTHPLACE (state or country) **Idaho** | |
| 7. NAME OF FATHER **Jeffrey Wakefield Maxwell** | 8. FATHER'S BIRTHPLACE (state or country) **Michigan** | |

This delayed birth certificate has been established in accordance with the laws of the state and regulations of the state department of public health.

Registrar _George Van Amberg_ Date registered **September 2, 1988**

### ABSTRACT OF DOCUMENTARY EVIDENCE

| | TYPE OF DOCUMENT | | BY WHOM ISSUED AND SIGNED | DATE ISSUED | DATE ORIGINAL ENTRY |
|---|---|---|---|---|---|
| 1. | **Bible Records** | | **Oakland Co. Shirley F. Wilfong, Notary** | **1988** | **April 2, 1985** |
| | DATE OF BIRTH **April 2, 1985** | PLACE OF BIRTH **Rochester, MI** | FULL NAME OF MOTHER **Karen Maxwell** | NAME OF FATHER **Jeff Maxwell** | |
| 2. | TYPE OF DOCUMENT | | BY WHOM ISSUED AND SIGNED | DATE ISSUED | DATE ORIGINAL ENTRY |
| | DATE OF BIRTH | PLACE OF BIRTH | FULL NAME OF MOTHER | NAME OF FATHER | |
| 3. | TYPE OF DOCUMENT | | BY WHOM ISSUED AND SIGNED | DATE ISSUED | DATE ORIGINAL ENTRY |
| | DATE OF BIRTH | PLACE OF BIRTH | FULL NAME OF MOTHER | NAME OF FATHER | |

Supplementary evidence: **Affidavit of Grandmother: Ada Hunt 442 E. McArthur St. Corunna, MI**
**Mother's full maiden name and birthplace verified by marriage license.**
**Father's full name and birthplace verified by marriage license.**

11-058113



WARNING:
ANY REPRODUCTION IS PROHIBITED BY LAW. DO NOT ACCEPT UNLESS ON SECURITY PAPER WITH COLORED BACKGROUND AND EMBOSSED SEAL OF COUNTY OF OAKLAND. NOT VALID IF PHOTOCOPIED.

THIS CERTIFIES THAT the above is a true copy of the facts recorded on the birth certificate of the person named hereon, as filed in the OAKLAND COUNTY CLERK'S OFFICE.

_Ruth Johnson_
**RUTH JOHNSON**
Oakland County Clerk and Register of Deeds

**JUN 17 2005**
DATE

By _____, Deputy Clerk



# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

## CERTIFICATE OF BIRTH REGISTRATION

DATE FILED
**JUNE 25, 2013**
**10:13 AM**

THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE
## CERTIFICATE OF BIRTH

CERTIFICATE NO. **156-13-053647**

| 1. NAME OF CHILD | (First, Middle, Last) **Elhadji    Sall** |
|---|---|

| 2. SEX **Male** | 3a. NUMBER DELIVERED of this pregnancy **1** 3b. If more than one, number this child in order of delivery **\*\*\*\*** | 4a. DATE OF CHILD'S BIRTH (Month) **June** (Day) **14,** (Year - yyyy) **2013** | 4b. Time **06:54** ☐ AM ☒ PM |
|---|---|---|---|

| 5. PLACE OF BIRTH | 5a. NEW YORK CITY BOROUGH **Manhattan** | 5b. Name of Hospital or other facility (if not facility, street address) **St. Luke's - Roosevelt Hospital Center ( Roosevelt Hospital Division)** |
|---|---|---|

| 5c. TYPE OF PLACE | ☒ Hospital ☐ Freestanding Birthing Center ☐ Clinic/Doctor's Office ☐ Home Delivery: ☐ Other-specify | Planned to deliver at home? ☐ Yes ☐ No ☐ Unknown |
|---|---|---|

| 6a. MOTHER/PARENT'S NAME (Prior to first marriage) (First, Middle, Last) SEX ☐ M ☒ F **Kalissa   Cherish   Maxwell** | 6b. MOTHER/PARENT'S DATE OF BIRTH (Month) **04** (Day) **02** (Year - yyyy) **1985** | 6c. MOTHER/PARENT'S BIRTHPLACE City & State or foreign country **Rochester, MI** |
|---|---|---|

| 7. MOTHER/PARENT'S USUAL RESIDENCE a. State **NY** | b. County **Bronx** | 7c. City or town **Bronx** | 7d. Street and number **430 E 134th Street** | Apt. No. | ZIP Code **10454** | 7e. Inside city limits of 7c? Yes ☒ No ☐ |
|---|---|---|---|---|---|---|

| 8. FATHER/PARENT'S NAME (1-fiot fit, first marriage) (First, Middle, Last) SEX ☒ M ☐ F **Abdou   Karim   Sall** | 8b. FATHER/PARENT'S DATE OF BIRTH (Month) **06** (Day) **27** (Year - yyyy) **1983** | 8c. FATHER/PARENT'S BIRTHPLACE City & State or foreign country **Senegal** |
|---|---|---|

| 9a. NAME OF ATTENDANT AT DELIVERY **Abigail Kahn** | ☒ M.D. ☐ RPA ☐ D.O. ☐ R.N. ☐ Lic. Midwife ☐ Other-Specify | No Correction History |
|---|---|---|

9b. I CERTIFY THAT THIS CHILD WAS BORN ALIVE AT THE PLACE, DATE AND TIME GIVEN
☐ M.D. ☐ RPA ☐ D.O. ☐ R.N. ☐ Hosp. Admin. ☐ Lic. Midwife ☐ Other-Specify

Signed *Winona Brown*
Signature Electronically Authenticated
Name of Signer **Winona Brown**
(Type or Print)

Address **1000 Tenth Avenue   New York, New York 10019**
Date Signed **June 21,** Year - yyyy **2013**

*For Office Use Only*

Mother/Parent's Current (First, Middle, Last)
Legal Name **Kalissa    Cherish    Maxwell**
Address **430 E 134th Street** Apt. **\*\*\*\***
City **Bronx** State **NY** ZIP **10454**

Above is a Certificate of Birth Registration for your child, which is sent without charge. The Department of Health and Mental Hygiene does not certify to the truth of the statements made here, as no inquiry as to the facts has been provided by law. See reverse side for information on how to correct a birth record.

Este es el registro del certificado de nacimiento de su niño (a), se le ha mandado gratis. El Departamento de Salud no certifica la veracidad de la información en el certificado, así que ninguna investigación sobre los hechos ha sido prevista por la ley. Vea al lado reverso la información para corregir un certificado de nacimiento.

MAYOR         COMMISSIONER OF HEALTH AND MENTAL HYGIENE         CITY REGISTRAR

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.
DATE ISSUED   June 27, 2013


York.

G 0 0 4 5 6 5 7 6

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# Welcome

Adalisa Gloriana Sall



Length ___20½"___
Weight ___8 lbs___
Born on ___Oct 29th, 2017 @ 5:10 pm___
Born to ___Kalissa Maxwell Sall & Abdou Karim Sall___
Attendants ___Karen Hunt___  **Place of Birth:** White Lake, Michigan

# Child Dedication



This certifies that

*Adalisa Gloriana Sall*

has been dedicated to The Lord Jesus Christ

on   *3/1/2018 at 4 months old*

by Chariot City  Church

*Kalissa Maxwell-Sall*                    *Abdou Sall*
MOTHER'S NAME                              FATHER'S NAME

*Karen Hunt*
WITNESS

# FAMILY REGISTER

### BIRTH AND    MARRIAGE OF

*Karim Sall*
*&*
*Kalissa Maxwell*
*Married August 18th, 2017*

### PARENTS

*Thy    Children    shall be    like    Olive    Plants    round    about    thy    Table*

### BIRTHS

*Elhadji Sall*
*"Kingston" born*
*June 14th, 2013*
*NY, NY*

*Adalisa Gloriana Sall*
*born*
*October 29th, 2017*
*White Lake, MI*

### BIRTHS

### MARRIAGES

*Whom God    hath joined    together    let not    Man    put asunder*

### DEATHS

### DEATHS

*Blessed    in the Lord*

Published by J. C. FULLER 148 Kinzie St Chicago

Entered according to act of Congress in the year 1873 by J. C. FULLER in the Clerks Office of the U.S. District Court for the Northern District of Illinois

Engraved by the Chicago Lithographing Co. 152 & 154 Clark St.

Designed and executed with a Pen by Professor James G. Gould

# Exhibit E

U.S. Department of Homeland Security

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 358840169          FINS: 1228444382          File No: 205 309 226

DOB: 06/27/1983                Event No: DET1706000476

In the Matter of:

Respondent: ___ABDOU KARIM SALL___                                      currently residing at:

1730 Mead Lane White Lake,MICHIGAN, 48386                          (313) 213-8174

(Number, street, city and ZIP code)          (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

See Continuation Page Made a Part Hereof

CERTIFICATE OF SERVICE
Filed with Immigration Court
P.V. Federal Building
477 ___ Suite 440
___
NAME                         BCC 6/30/17
                             TITLE DATE

EXHIBIT # ___1___

JUL 1 0 2017

MARK J. JEBSON
IMMIGRATION JUDGE

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(C)(i) of the Immigration and Nationality Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you failed to maintain or comply with the conditions of the nonimmigrant status under which you were admitted.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:  ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

477 Michigan Avenue, Suite 440 Detroit MI 48226. EOIR Detroit, MI

*(Complete Address of Immigration Court, including Room Number, if any)*

on __To be set.__      at __To be set.__      to show why you should not be removed from the United States based on the

(Date)                (Time)

charge(s) set forth above.          ___L 4672 SANCHEZ___      SDDO

*(Signature and Title of Issuing Officer)*

Date: __June 28, 2017__          __Detroit, MI__

*(City and State)*

See reverse for important information          Form I-862 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form ___I-862___

| Alien's Name SALL, ABDOU KARIM | File Number 205 309 226 Event No: DET1706000476 | Date 06/28/2017 |
| --- | --- | --- |

THE SERVICE ALLEGES THAT YOU:
--------------------------

1. You are not a citizen and national of the United States.

2. You are a citizen of Senegal and national of Senegal.

3. You were admitted to the United States at Newark, NJ on or about April 03, 2002 as an A2 nonimmigrant.

4. Your status was adjusted to that of an A1 nonimmigrant on January 06, 2003;

5. You have failed to maintain your status, to wit: Your status was terminated as of November 09, 2004.

SEE I-261

EXHIBIT # _____1_____

JUL 10 2017

MARK J. JEBSON
IMMIGRATION JUDGE

PLEADINGS TAKEN
DATE 7/10/17
BY: M. JEBSON
IMM. JUDGE

17 JUN 30 AM 9:59

| Signature J. 4672 SANCHEZ | Title SDDO |
| --- | --- |

___3___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Justice
Immigration and Naturalization Service

# Additional Charges of Inadmissibility/Deportability

In:  ☒ Removal proceedings under section 240 of the Immigration and Nationality Act
☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent: <u>Abdou Karin SALL</u>

File No: <u>A205 309 226</u>    Address: <u>c/o DHS Custody, Monroe County Jail, 7000 East Dunbar, Monroe, MI 48161</u>

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☐ in lieu of those set forth in the original charging document:

6. You were, on November 22, 2006, convicted in the District Court of Nassau County, for the offense of petit larceny, in violation of New York Penal Section 155.25;

7. You were, on September 2, 2010, convicted in the Criminal Court of the City of New York, for the offense of Trademark Counterfeiting in the Third Degree, in violation of New York Penal Section 165.71;

8. You were, on February 25, 2011, convicted in the Criminal Court of the City of New York, for the offense of Theft of Services, in violation of New York Penal Section 165.15;

9. You were, on January 14, 2012, convicted in the Criminal Court of the City of New York, for the offense of Theft of Services, in violation of New York Penal Section 165.15;

10. You were, on December 11, 2012, convicted in the Criminal Court of the City of New York, for the offense of Theft of Services, in violation of New York Penal Section 165.15;

11. These crimes did not arise out of a single scheme of criminal misconduct.

Date: 6/29/17 _____    _____
(Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

EXHIBIT # 1a

JUL 1 0 2017

MARK J. JEBSON
IMMIGRATION JUDGE

PLEADINGS TAKEN
DATE 7/3/17
BY: M. JEBSON
IMM. JUDGE